# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In Re:* **N.G., J.G., & M.G.**

**No. 12-0934** (Raleigh County 11-JA-151, 152, & 153)

**FILED**

**January 14, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

## MEMORANDUM DECISION

Petitioner Father, by counsel Stephen P. New, appeals the Circuit Court of Raleigh County's amended order entered on July 24, 2012, terminating his parental rights to his children. The guardian ad litem, Wilbert A. Payne, has filed his response on behalf of the children. The West Virginia Department of Health and Human Resources ("DHHR"), by William Bands, its attorney, has filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

This abuse and neglect petition was filed after Petitioner Father was involved in a car accident in which he was driving under the influence and had the children in the vehicle unrestrained. The children at the time were ages two, four, and five. Petitioner Father was later incarcerated for driving under the influence. He failed to appear at any hearing in the matter, even after being released from incarceration, failed to contact either the DHHR or his attorney, and failed to have any contact with his children after the accident. He was adjudicated as an abusing and neglecting father, and the circuit court terminated his parental rights based on his abandonment of the children.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the

1

evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.,* 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.,* 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights, arguing that during most of the proceedings he was incarcerated and, that upon his release, he was unable to participate in the proceedings due to being homeless and unable to contact his counsel. Petitioner also argues that the proceedings in this matter were pending for only twelve months and that he could have completed an improvement period once he "surfaced." Petitioner also argues that he should now be granted an improvement period.

The DHHR argues in response that petitioner refused to participate in this case in any manner and this constitutes abandonment of his children. The guardian argues that petitioner had knowledge of the proceedings in this matter and that he chose not to participate in the proceedings. The guardian also argues that petitioner's excuse that he was homeless was not a bar to participation; that he failed to contact his attorney or the DHHR; and that he could have obtained assistance to contact someone in this matter.

This Court has held that "'courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened . . . .' Syl. Pt. 1, in part, *In re R.J.M.,* 164 W.Va. 496, 266 S.E.2d 114 (1980)." Syl. Pt. 4, in part, *In re Cecil T.,* 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon a review of the record, this Court finds no error in the circuit court's termination of parental rights. Petitioner made no effort to contact anyone involved in this matter, including his children. This Court likewise finds no error in the denial of an improvement period, as there is no evidence that petitioner would now participate after not participating in this case in any manner for twelve months.

For the foregoing reasons, we find no error in the decision of the circuit court and the termination of parental rights is hereby affirmed.

Affirmed.

**ISSUED**: January 14, 2013

**CONCURRED IN BY**:
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

2